```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                     EASTERN DISTRICT OF OKLAHOMA

EDDIE ROSS,                           )
                                      )
            Plaintiff,                )
                                      )
v.                                    )  No. CIV-11-422-FHS
                                      )
WEYERHAEUSER COMPANY and BILLY        )
PIERCE,                               )
                                      )
            Defendants.               )
```

## OPINION AND ORDER

Before the Court for its consideration is the Motion to Dismiss (Dkt. No. 5) filed by Defendant, Weyerhaeuser Company ("Weyerhaeuser"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Weyerhaeuser contends Plaintiff's claims for breach of contract and fraud should be dismissed as preempted by the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. The matter has been fully briefed and is ripe for ruling. Having considered the parties' respective submissions, the Court concludes dismissal of Plaintiff's breach of contract and fraud claims is appropriate, with leave granted for Plaintiff to amend to assert a claim under ERISA.

On October 31, 2011, Plaintiff filed this action in the District Court of McCurtain County, Oklahoma, against his former employer, Weyerhaeuser, and a Weyerhaeuser management level supervisor, Billy Pierce ("Pierce"), asserting claims for breach of contract and fraud. On November 23, 2011, Weyerhaeuser removed the case to this federal court on the basis of both diversity and federal question jurisdiction.

1

In his state court Petition, Plaintiff contends his employment with Weyerhaeuser began in 1971 as an electrician with plant maintenance responsibilities. In this position, Plaintiff was classified as an hourly employee and received an enhanced hourly rate for overtime work pursuant to the terms of the collective bargaining between Weyerhaeuser and Plaintiff's union. In October of 1999, Plaintiff's supervisor, Pierce, approached Plaintiff to determine if Plaintiff would be interested in taking a salaried position as a maintenance supervisor at the Wright City plywood manufacturing operation. Plaintiff contends he was hesitant to accept this salaried position because he would be foregoing the extensive overtime compensation he could earn as an hourly employee. Plaintiff asserts that as an incentive for taking the salaried position, Pierce promised that "if Plaintiff would take the salaried position and remain in it until his employment came to an end, all of his years of service (all the way back to 1971) would be credited to Plaintiff's retirement under Weyerhaeuser's pension plan for *salaried* employees, rather than to the pension plan for *hourly* employees." Petition, ¶ 5 (emphasis in original). Pierce informed Plaintiff that the pension plan for salaried employees would be of substantial benefit to Plaintiff. In reliance upon Pierce's representations and promises, Plaintiff transferred to the salaried position at the Wright City plant and remained there until the plywood manufacturing operation shut down in 2005. As a salaried employee, Plaintiff was not eligible for a transfer. Thus, Plaintiff's employment with Weyerhaeuser terminated in 2005.

Plaintiff applied for his retirement benefits in 2011. Retirement benefits for hourly employees are governed by the Weyerhaeuser Company Retirement Plan for Hourly Rated Employees ("Hourly Plan"). Retirement benefits for salaried employees are

2

governed by the Weyerhaeuser Company Retirement Plan for Salaried Employees ("Salaried Plan").  Both plans are administered by the Vanguard Fiduciary Trust Company ("Vanguard").  In processing Plaintiff's request for retirement benefits, Vanguard did not credit all of Plaintiff's years of service to the Salaried Plan as promised by Pierce back in 1999 when Plaintiff accepted the salaried position.  Rather, Vanguard allocated Plaintiff's years of service between the Hourly and Salaried Plans, resulting in Plaintiff being awarded retirement benefits based on 27 1/2 years of hourly service and 5 years of salaried service.  Plaintiff contends this allocation results in retirement benefits that are significantly less than if calculated as promised and represented by Weyerhaeuser, through Pierce, under a strictly salaried status.  Faced with this reduced retirement benefit, Plaintiff filed this action against Weyerhaeuser and Pierce for breach of contract and fraud.

ERISA is a statutory scheme regulating employee welfare benefit plans and its broad and comprehensive provisions preempt state laws which are "related to" such plans.  <u>Pilot Life Insurance Company v. Dedeaux</u>, 481 U.S. 41, 45 (1987).  In regard to preemption, ERISA provides, in part:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . .

29 U.S.C. § 1144(a).  Weyerhaeuser's Hourly and Salaried Plans are undeniably "employee benefit plan[s]" falling within the scope of section 1144(a).  <u>See</u> 29 U.S.C. § 1002(2)(A),(3).  The determinative issue, therefore, is whether Plaintiff's state law

claims for breach of contract and fraud "relate to" those Plans.

The Supreme Court has held that the scope of ERISA preemption under the "relate to" phrase of §1144(a) is "deliberately expansive, and designed to 'establish pension plan regulation as exclusively a federal concern.'" Pilot Life, 481 U.S. at 46 (quoting Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 523 (1981)); see also Shaw v. Delta Air Lines, 463 U.S. 85, 97-98 (1983); Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 739 (1985); Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 138-39(1990). The Supreme Court has explained the scope of the "relate to" language of ERISA's preemption clause by stating that "[a] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." Shaw, 463 U.S. at 96-97.

The Tenth Circuit has adhered to this expansive interpretation of the "relate to" phrase in holding that ERISA preempts state law claims for breach of contract and negligent misrepresentation brought by participants in an employer's pension plan. Straub v. Western Union Telegraph Co., 851 F.2d 1262, 1263 (10th Cir. 1988). In Straub, the Plaintiff asserted a breach of contract claim against his former employer for not including him in an increase in pension benefits and a negligent misrepresentation claim for his former employer's failure to inform him that his pension benefits might be affected by his transfer of employment to a wholly owned subsidiary of the former employer. In affirming the district court's ruling that Plaintiff's claims were preempted by ERISA, the Tenth Circuit relied on the holding in Anderson v. John Morrell & Co., 830 F.2d 872 (8th Cir. 1987) that "principles of common law governing a claimed contract right to have the plan modified clearly 'relates to' [sic] the plan and that state law in that area

4

is preempted." Id. at 875; see also Milton v. Scrivner, Inc., 53 F.3d 1118, 1121 n. 3 (10th Cir. 1995)(claims "alleging fraud with intent to deprive plaintiff of retirement benefits . . . preempted by ERISA"). Similar to the factual setting in Straub, Plaintiff's claims herein "relate to" the Plans because he is attempting to modify the terms of the subject Plans by superimposing the promises allegedly made by Pierce, in his position as a management level supervisor for Weyerhaeuser, during the discussions about Plaintiff's transfer to a salaried position. Because the factual bases for such claims necessarily implicate Weyerhaeuser's Plans, they are preempted by ERISA and must be recast as ERISA claims under 29 U.S.C. § 1132(a)(1)(B). See Miller v. Coastal Corporation, 978 F.2d 622 (10th Cir. 1992)(ERISA action was brought under 29 U.S.C. § 1132(a)(1)(B) to recover benefits a retired employee would have received had his years as an hourly union employee been credited as years of service under salaried pension plan. Employee contended that at the time of his promotion to the salaried position, he was told by his employer that all his prior service as a hourly union employee would be computed as if he had been a salaried employee).

Based on the foregoing reasons, the Court finds Plaintiff's breach of contract and fraud claims are preempted by ERISA. Weyerhaeuser's Motion to Dismiss (Dkt. No. 5) is therefore granted. Plaintiff is granted until January 23, 2012, to amend his pleadings to recast his claims under ERISA.

It is so ordered this 17th day of January, 2012.

_____
Frank H. Seay
United States District Judge
Eastern District of Oklahoma

5