IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

```
EDDIE ROSS,                              )
                                         )
            Plaintiff,                   )
                                         )
v.                                       ) No. CIV-11-422-FHS
                                         )
WEYERHAEUSER COMPANY, a foreign          )
corporation registered to do             )
business in the State of Oklahoma        )
and THE WEYERHAEUSER COMPANY             )
RETIREMENT PLAN FOR HOURLY RATED         )
EMPLOYEES and THE WEYERHAEUSER           )
COMPANY RETIREMENT PLAN FOR              )
SALARIED EMPLOYEES and THE               )
VANGUARD GROUP, INC., d/b/a              )
VANGUARD PARTICIPANT SERVICES,           )
                                         )
            Defendants.                  )
```

**OPINION AND ORDER**

On January 23, 2012, Plaintiff, Eddie Ross, filed his Amended Complaint (Dkt. No. 26) seeking relief pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* Plaintiff initiated his ERISA claims following the Court's issuance of its Opinion and Order (Dkt. No. 25) wherein it held that Plaintiff's breach of contract and fraud claims were preempted by ERISA. Plaintiff was granted leave to recast his claims under ERISA and he did so through the filing of his Amended Complaint.[1]

---

[1] Another Amended Complaint, entitled "First Amended Complaint," was filed by Plaintiff on July 19, 2012. This First Amended Complaint (Dkt. No. 44) essentially repeats the allegations and claims asserted in the Amended Complaint (Dkt. No. 26) with the clarification of the proper "Vanguard" defendant as The Vanguard Group, Inc., d/b/a Vanguard Participant Services. Vanguard Fiduciary Trust Company, named in the Amended Complaint, was omitted from the First Amended Complaint and dismissed from

1

In the First Amended Complaint, Plaintiff contends his employment with Weyerhaeuser Company ("Weyerhaeuser") began in 1973 as an electrician with plant maintenance responsibilities. In this position, Plaintiff was classified as an hourly employee and received an enhanced hourly rate for overtime work pursuant to the terms of the collective bargaining between Weyerhaeuser and Plaintiff's union. In October of 1999, Plaintiff's supervisor, Billy Pierce ("Pierce"), approached Plaintiff to determine if Plaintiff would be interested in taking a salaried position as a maintenance supervisor at the Wright City plywood manufacturing operation. Plaintiff contends he was hesitant to accept this salaried position because he would be foregoing the extensive overtime compensation he could earn as an hourly employee. Plaintiff asserts that as an incentive for taking the salaried position, Pierce promised that "if Plaintiff would take the proffered position and there remain until his employment came to an end, all of his years of service (all the way back to 1971) would be credited to the Salaried Plan when he applied for his retirement benefits, rather than being split between the Hourly Plan and the Salaried Plan." First Amended Complaint, ¶ 6. Pierce informed Plaintiff that the pension plan for salaried employees would be of substantial benefit to Plaintiff. In reliance upon Pierce's representations and promises, Plaintiff transferred to the salaried position at the Wright City plant and remained there until the plywood manufacturing operation shut down in 2005. As a salaried employee, Plaintiff was not eligible for a transfer. Thus, Plaintiff's employment with Weyerhaeuser terminated in 2005.

Plaintiff applied for his retirement benefits on November 5,

---

the case. See Joint Stipulation for Dismissal (Dkt. No. 48) (dismissing Defendant Vanguard Fiduciary Trust Company).

2

2010.  Retirement benefits for hourly employees are governed by the Weyerhaeuser Company Retirement Plan for Hourly Rated Employees ("Hourly Plan").  Retirement benefits for salaried employees are governed by the Weyerhaeuser Company Retirement Plan for Salaried Employees ("Salaried Plan").  Both plans are administered by the Defendant, Vanguard Group, Inc. d/b/a Vanguard Participant Services ("Vanguard"). In processing Plaintiff's request for retirement benefits, Vanguard did not credit all of Plaintiff's years of service to the Salaried Plan as promised by Pierce back in 1999 when Plaintiff accepted the salaried position.  Rather, Vanguard allocated Plaintiff's years of service between the Hourly and Salaried Plans, resulting in Plaintiff being awarded retirement benefits based on 26 years of hourly service and 6 ½ years of salaried service.  See Vanguard Denial Letter (Exhibit 24 to Plaintiff's Response to Motion for Summary Judgment).  Plaintiff contends this allocation results in retirement benefits that are significantly less than if calculated as promised and represented by Weyerhaeuser, through Pierce, under a strictly salaried status.  Faced with this reduced retirement benefit, Plaintiff brings this action against Weyerhaeuser and Vanguard under ERISA.

Now before the Court for its consideration is the Motion for Summary Judgment (Dkt. No.47) filed on behalf of Defendants, Weyerhaeuser Company, the Weyerhaeuser Company Retirement Plan For Hourly Rated Employees, the Weyerhaeuser Company Retirement Plan For Salaried Employees, and the Vanguard Group, Inc., d/b/a Vanguard Participant Services.  The Defendants contend summary judgment in their favor is appropriate because Plaintiff has failed to exhaust his administrative remedies prior to instituting this ERISA action.  In response, Plaintiff admits he did not fully exhaust his administrative remedies under the plans at issue, but he contends such exhaustion is not required under the facts of this

case.  Plaintiff relies on four alleged exceptions to the exhaustion requirement: (1) the plans at issue waive exhaustion, or deem it fulfilled, when a claim denial is not appealed; (2) statutory violations by the plan fiduciaries; (3) futility; and (4) fraud, interference with claims process, and failure to independently discharge fiduciary duties.  Having fully considered the respective arguments of the parties, the Court finds Defendants' request for summary judgment must be denied as Plaintiff has satisfied the first of his asserted exceptions to exhaustion, i.e., the relevant language of the subject plans waives exhaustion, or deems it fulfilled, in the situation of a non-appeal from the decision of the Claims Administrator.[2]

Although not an explicit requirement under ERISA's statutory scheme, "exhaustion of administrative . . . remedies is an implicit prerequisite to seeking judicial relief." Whitehead v. Okla. Gas & Elec. Co., 187 F.3d 1184, 1190 (10th Cir. 1999).  Exhaustion of administrative remedies is required even if the plan at issue does not require exhaustion "because ERISA exhaustion is a judicial, not contractual, doctrine." Id.  "This proposition derives from the exhaustion doctrine permeating all judicial review of administrative agency action, and aligns with ERISA's overall structure of placing primary responsibility for claim resolution on fund trustees." Id. (quotation omitted).

Certain exceptions to the exhaustion requirement have been recognized.  When an appeal in the review process would be futile or the remedy in the benefit plan is inadequate, exhaustion is

---

[2]  For purposes of complete review, and after having fully considered the arguments and authorities presented by the parties, the Court finds the record does not support Plaintiff's other asserted exceptions to the exhaustion requirement.

excused.  McGraw v. Prudential Ins. Co., 137 F.3d 1253, 1263 (10th Cir. 1998).  Exhaustion is likewise not required where the plan at issue extends permission to file a lawsuit without pursuing further internal administrative remedies.  See Walters v. Odyssey Healthcare Management Long-Term Disability Plan, 2011 WL 2714065, * 3 (D. Ariz. 2011)(recognizing an exception to ERISA exhaustion requirement under circumstances of ignored claims where the plan language grants permission to file suit "prior to pursuing any other internal administrative remedies").  Under such circumstances, the plan's waiver excuses the plaintiff's failure to fully exhaust his administrative remedies.  Id. at * 2. Recognition of such an exception is consistent with ERISA's underlying exhaustion objective of assuring finality resulting from the initial claims resolution process.

Here, both the Salaried and the Hourly Plans contain the following "waiver" provision:

(g) Decision is Final and Binding

In the case of a claim that is not appealed to the Claims Committee in a timely manner by the claimant, the decision of the Claims Administrator shall be the final and conclusive administrative review proceeding under the Plan, and the decision of the Claims Administrator shall be given legal deference (in like manner to the standard stated in the following sentence) in any subsequent legal proceeding.  In the case of a denied claim that is appealed in a timely manner by the claimant, the decision by the Appeals Committee shall be the final and conclusive administrative review proceeding under the Plan, and unless the decision is subsequently held to be arbitrary, capricious or an abuse of the discretion granted by this Plan to the Appeals Committee, the decision of the Appeals Committee shall be given legal deference in

any subsequent legal proceeding.

Hourly Plan, p. 76, ¶ 10.4(g) (Exhibit 5 to Plaintiff's Response to Motion for Summary Judgment) and Salaried Plan, p. 106, ¶ 10.4(g) (Exhibit 7 to Plaintiff's Response to Motion for Summary Judgment). Plaintiff contends this separate, clear, and unambiguous provision mandates that an adverse claim decision, which has not been appealed to the Appeals Committee, is to be construed as "the final and conclusive administrative review proceeding under the Plan" for purposes of this subsequent legal proceeding brought by Plaintiff under ERISA. The Court agrees. This provision clearly provides that an adverse claim decision by the Claims Administrator that has not been appealed to the Appeals Committee is to be considered a final and conclusive administrative review proceeding, which is the equivalent of a fully appealed decision rendered by the Appeals Committee.[3] Under the facts at hand, Plaintiff has satisfied the exhaustion requirement based on Vanguard's January 13, 2011, denial of his claim to have his benefit calculation made by crediting his earned credit service solely under the Salaried Plan. See Vanguard Denial Letter (Exhibit 24 to Plaintiff's Response to Motion for Summary Judgment). Framed against the plain language of the Plans at issue, this decision by Vanguard, the Claims Administrator, is afforded the finality that satisfies ERISA's exhaustion requirement.

Based on the foregoing reasons, the Motion for Summary Judgment (Dkt. No.47) filed on behalf of Defendants is denied.

---

[3] As argued by Plaintiff, it is immaterial whether this provision is classified as a "waiver" of the exhaustion requirement or one that deems exhaustion to have been satisfied. Application of the provision results in a finding that the decision of the Claims Administrator is "the final and conclusive administrative review proceeding under the Plan."

Plaintiff's Alternative Motion to Stay Proceedings (Dkt. No. 53) is denied as moot.

It is so ordered this 27th day of November, 2012.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma